IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, TRISTAN KOHUT, MARK HENDERSON, and OTHER UNKNOWN DEFENDANTS,<br><br>Defendants. | CV 14-00072-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Michael Dunsmore has filed a Complaint, Amended Complaint, and Motion for Expedited Ruling. Mr. Dunsmore alleges Defendants have been deliberately indifferent to his serious medical needs. (Docs. 2, 10, 11.) Mr. Dunsmore suffers from a skin condition that, for purposes of this Order, the Court will assume is a serious medical condition. Mr. Dunsmore's allegations, however, fail to state a claim for deliberate indifference to that serious medical need. Given the allegations in the Complaint, Amended Complaint, the Motion for Expedited Ruling and all the attachments thereto, it is clear these defects cannot be cured by the allegation of additional facts. This matter should be dismissed. The Motion for Expedited Ruling will be granted.

1

# I. STATEMENT OF THE CASE

## A. Jurisdiction

Mr. Dunsmore filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper, as he is incarcerated in and alleges wrongs committed in Powell County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaints attempt to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case is assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1); Doc. 8.

## B. Parties

Mr. Dunsmore is a prisoner incarcerated at Montana State Prison in Deer Lodge, Montana. He is proceeding in forma pauperis and without counsel.

Mr. Dunsmore named the following Defendants: Leroy Kirkegard, Warden at Montana State Prison; Dr. Tristan Kohut; Physician Assistant Mark Henderson, and other unknown nurses and guards. (Complaint, Doc. 2 at 5).

## C. Factual Background[1]

Beginning in March 2014, the medical staff at the prison began treating Mr. Dunsmore for plaque-psoriasis with ointment. Plaque-psoriasis is a skin condition that caused cracking and breaking of the tissue in Mr. Dunsmore's hands and feet. On July 20, 2014, Mr. Dunsmore requested and was granted a lower tier/lower bunk restriction for two weeks. (Doc. 2-2 at 1.) Mr. Dunsmore visited a dermatologist in Missoula on or about July 28, 2014. On August 5, 2014, Mr. Dunsmore submitted a grievance indicating he had not received the medication prescribed by the dermatologist. He also indicated that his lower bunk/tier expired on August 4, 2014, his in-house meals expired on August 4, 2014, and he was not able to eat on August 5, 2014. (Doc. 2-2 at 16.) The grievance was not processed.

On August 9, 2014, Mr. Dunsmore submitted a request asking for the medicine the dermatologist had prescribed. The response indicated Dr. Kohut had ordered the medication. (Doc. 2-2 at 13.) Presumably, Mr. Dunsmore started taking the medication on or about August 10, 2014, because on September 10, 2014, he submitted a request indicating he had been on the prescribed medication for 30 days and was supposed to have a follow-up visit with Dr. Kohut. In the

---

[1] The Court has attempted to create a time line of the treatment Mr. Dunsmore has received from the healthcare requests and grievances Mr. Dunsmore attached to his Complaint.

response, Dr. Kohut indicated that he would see Mr. Dunsmore shortly. (Doc. 2-2 at 2.)

On September 11, 2014, Mr. Dunsmore submitted a request indicating that his lower bunk/tier was set to expire and he needed an extension due to continued cracking, splitting, and bleeding of his feet. The response indicated that he would be seen shortly. (Doc. 2-2 at 11.)

According to a September 29, 2014 request, Mr. Dunsmore saw a dermatologist in Missoula on September 22, 2014, and saw Dr. Kohut on September 23, 2014. Dr. Kohut ordered a tuberculosis test and blood work. Mr. Dunsmore received the tuberculosis test on September 24, 2014, but as of September 29, 2014, he had not had his blood work. He also indicated that his psoriasis was spreading. (Doc. 2-2 at 8.) The response indicated that the blood work would be done that week, once the lab work was back he would be started on Humira, and the process could take several weeks. (Doc. 2-2 at 8.)

On October 15, 2014, Mr. Dunsmore submitted a request stating that it had been three to four weeks since his blood work was done. Mr. Dunsmore hoped to start Humira injections. The response indicated that Mr. Dunsmore's labs were still pending and were needed to start Humira. (Doc. 2-2 at 6.) Mr. Dunsmore was started on Methotrexate, a chemotherapy drug, on or about October 22, 2014, but

4

Mr. Dunsmore refused to continue taking the drug, and it was discontinued on November 6, 2014. (Doc. 2-2 at 3.)

Mr. Dunsmore began receiving injections of Humira on December 19, 2014. He was last seen by Dr. Kohut on January 30, 2015.

### D. Allegations

#### 1. PA Henderson

Mr. Dunsmore alleges that from March 2014 until July 2014 he dealt with Defendant Henderson regarding his skin condition. He alleges the soles of his feet are a mass of open and bleeding sores. He cannot walk to obtain medication and/or food, and his condition affects his sleep. The lack of food has caused weakness, distress, hypoglycemia, and has inhibited the healing of his open sores. He contends that due to his open sores he is constantly exposed to staphylococcus infections. He alleges he has been denied first-aid materials including bandages, tape, antibiotic ointment, and other palliative materials that would have provided him with a minimum degree of comfort and relief. (Doc. 2-1 at 1.)

#### 2. Dr. Kohut

Mr. Dunsmore contends he has been seeing Dr. Kohut since July 31, 2014, but he believes Dr. Kohut mismanaged his treatment. He contends Dr. Kohut removed wheelchair and lower-tier assignments despite Mr. Dunsmore's inability

5

to walk on cracked and bleeding feet. He alleges Dr. Kohut has denied him a foot-basin and medications to clean and treat his feet. He also alleges Dr. Kohut delayed a specialist's order to give Mr. Dunsmore medication (clobetasol propionate ointment) for 15 days and delayed giving Mr. Dunsmore Humira (a specific treatment for plaque-psoriasis) for 30 days. He alleges Dr. Kohut was not qualified to over-ride the specialist's Humira prescription and give him a chemotherapy drug (presumably Methotrexate) without consideration for efficacy or side-effects. When Mr. Dunsmore questioned Dr. Kohut about the substitution of medication, he was summarily removed from all medical care. (Doc. 2-1 at 2-3.)

Mr. Dunsmore alleges Dr. Kohut has refused to provide proper wraps or gauze to treat his feet and only allows tape and gauze pads. He states that Dr. Kohut has ordered weekly Humira injections and blood tests when the standard is for bi-weekly injections and blood tests. He alleges Dr. Kohut has only seen him once since the initial dose on December 19, 2014. He states Dr. Kohut will only give him 200 mg of Tramadol for the pain for the lesions. The lesions are so painful that Mr. Dunsmore must use a wheelchair and a walker to get around. He alleges that he has been dealing with the pain since March 2014 and has yet to get any relief.

### 3. Warden Kirkegard

Mr. Dunsmore presented no factual allegation against Warden Kirkegard in his Complaint and Amended Complaint.

## II. PRESCREENING

### A. Standard

Mr. Dunsmore is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

Mr. Dunsmore's claims are construed as Eighth Amendment denial of medical care claims. To prevail on an Eighth Amendment medical care claim, a prisoner must demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). There are two prongs to the deliberate-indifference analysis. First, a prisoner must show a "serious medical need." *Jett*, 439 F.3d at 1096 (citations omitted). A "'serious' medical need exists if the failure to treat a

prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (internal citation omitted). Examples of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin*, 974 F.2d at 1059–60.

Second, a prisoner must show that the defendant's response to that need was deliberately indifferent. *Jett*, 439 F.3d at 1096. This second prong is met if the prisoner demonstrates (1) a purposeful act or failure to respond to a prisoner's medical need and (2) harm caused by the indifference. *Id.* Prison officials are deliberately indifferent if they deny, delay, or intentionally interfere with medical treatment. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Mr. Dunsmore allegedly started suffering from plaque psoriasis in March 2014 and was initially treated with ointment. Presumably that treatment was ineffective because he saw a dermatology specialist in Missoula in late July 2014. It appears that the specialist prescribed medication that Mr. Dunsmore took for at least 30 days. He again saw a specialist in Missoula on September 22, 2014. Lab tests were ordered, and Mr. Dunsmore started taking Methotrexate on or about

9

October 22, 2014. That medication was discontinued on November 6, 2014, and he started receiving Humira injections on December 19, 2014. Dr. Kohut has also prescribed 200 mg Tramadol for pain, and Mr. Dunsmore has access to a wheelchair, a walker, and some medical supplies, although not the specific medical supplies that he would like.

These factual allegations clearly demonstrate that Mr. Dunsmore has been receiving attentive medical care at the prison. Mr. Dunsmore fails to allege anything more than a difference of opinion regarding the diagnosis and treatment of his condition. A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a[§ ]1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *See Jackson v. McIntosh*, 90 F.3d 330,

332 (9th Cir. 1996). Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (*citing Estelle*, 429 U.S. at 105–06); *see also Toguchi*, 391 F.3d at 1060.

Mr. Dunsmore has not stated a claim for deliberate indifference to a serious medical need. The Court assumes Mr. Dunsmore has a serious medical need, but his factual allegations do not establish that Defendants were deliberately indifferent to that need. Mr. Dunsmore has been seen and treated by not only the medical staff at the prison but also by a specialist outside the prison at least twice. He has been given at least three different medications, one of which requires the monitoring of Mr. Dunsmore's blood work. He has also been given prescription pain medication.

Mr. Dunsmore faults Dr. Kohut for giving the Humira injections and taking blood samples once a week as opposed to bi-weekly, for providing tape and gauze pads but not gauze wraps, for not seeing him often enough, for delaying Mr. Dunsmore's visit to a specialist, for not following the specialist's medication prescriptions, and for delaying the ordering of his medications. These allegations amount to nothing more than a difference of opinion between Mr. Dunsmore and the medical staff at the prison. As stated, it appears Defendants attempted conservative treatments with Mr. Dunsmore before seeking the treatment of a

specialist, they did necessary blood work before beginning certain medications, and they tried other medications. There is nothing to indicate that Defendants deliberately denied Mr. Dunsmore medical treatment.

Moreover, though Mr. Dunsmore refers to Defendants as incompetent and alleges they provide ill-managed treatment, negligence and even malpractice are insufficient to establish deliberate indifference. *Toguchi*, 391 F.3d at 1060–61 (neither medical malpractice nor negligence is sufficient to establish a constitutional violation); *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (isolated occurrences of neglect may constitute grounds for malpractice but they do not amount to a constitutional violation).

What is readily apparent from the record is that the medical staff at the prison has been making significant efforts to treat Mr. Dunsmore's condition. While it may not be the treatment Mr. Dunsmore is requesting or expecting, and it may not have been given as quickly at Mr. Dunsmore would have liked, he is receiving a clear course of treatment for his condition. The evidence of treatment both inside and out of the prison defeats Mr. Dunsmore's claim of deliberate indifference.

## III.  CONCLUSION

Mr. Dunsmore's allegations, as construed as an Eighth Amendment claim of deliberate indifference to a serious medical need, fail to state a claim upon which relief may be granted. As Mr. Dunsmore has provided allegations and evidence sufficient to establish a factual time line of the treatment he has received, it is clear that the deficiencies set forth above could not be cured by the allegation of additional facts. Therefore, this matter should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing civil actions in forma pauperis if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Because Mr. Dunsmore failed to state a claim, the dismissal of this matter should be a strike under 28 U.S.C. §1915(g).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaints are frivolous as they lack arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Mr. Dunsmore must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

Mr. Dunsmore's Motion for Expedited Ruling (Doc. 11) is **GRANTED**.

Further, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be **DISMISSED**.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Dunsmore failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Dunsmore may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 16th day of March, 2015.

   /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.