

FILED

MAY 0 1 2015

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, TRISTAN KOHUT, MARK HENDERSON, and OTHER UNKNOWN DEFENDANTS,<br><br>Defendants. | CV 14–72–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his order, findings, and recommendations in this case on March 16, 2015, granting Plaintiff Dunsmore's motion for an expedited ruling in this case but recommending that his Complaint be dismissed for failing to state a claim. Dunsmore timely objected to the findings and recommendations on these issues, and so is entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a [party's] objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same

arguments set forth in the original [complaint], the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (citations omitted). For the reasons explained below, the Court adopts Judge Johnston's findings and recommendations in part.

Judge Johnston found, and this Court agrees, that the record does not support an Eighth Amendment claim for denial of medical care. Such claims require a showing of "deliberate indifference to serious medical needs." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To prove deliberate indifference, a plaintiff must show: (1) "a serious medical need by demonstrating that failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Id.* (citations omitted). As to the second element, a plaintiff must show: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citations omitted). Dunsmore's treatment for plaque psoriasis[1] between March and November 2014, including numerous visits with hospital staff, receipt of several

---

1. The Court assumes, as did Judge Johnston, that Dunsmore's condition satisfies the first element of the deliberate indifference test.

prescriptions, and an offsite dermatologist consult in Missoula, does not constitute "a purposeful act or failure to respond to [his] pain or possible medical need." *Wilhelm*, 680 F.3d at 1122. Indeed, as Judge Johnston noted, the record "clearly demonstrates that . . . Dunsmore has been receiving attentive medical care at the prison." (Doc. 12 at 10.)

The Court agrees, and further finds that Dunsmore's objections to Judge Johnston's findings and recommendations do not alter the analysis. Dunsmore contends in his objections that Defendants Kohut and Henderson treated his condition inappropriately, in part because they were unable to determine what condition he suffered from. Even assuming this to be true – that Dunsmore's condition went mistreated and undiagnosed – neither a difference of opinion as to the proper course of treatment, *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981), nor medical malpractice, *Broughton v. Cutter Laboratories*, 662 F.2d 458, 460 (9th Cir. 1980), give rise to an Eighth Amendment violation. The Court is sympathetic to Dunsmore's condition, as illustrated by the photos of his hands and feet which he attached to his objections, but finds his contention that they prove "the torture of inmates by [Montana State Prison] 'medical' staff" to be unsubstantiated. (Doc. 13 at 2.) Dunsmore's claims are fatally deficient, and cannot be cured by restyling or inclusion of additional facts.

Accordingly, IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 12) are ADOPTED IN FULL. Dunsmore's Complaint (Doc. 2) is DISMISSED. The Clerk of Court shall CLOSE this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Dunsmore failed to state a claim upon which relief may be granted and his claims are frivolous.

DATED this 1st day of May, 2015.

Dana L. Christensen, Chief District Judge
United States District Court